# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DISH NETWORK, L.L.C.,
ECHOSTAR TECHNOLOGIES, L.L.C.,
and NAGRASTAR, L.L.C.,

        Plaintiffs,

v.                                             Case No. 09-C-428

KELLY STAFFORD, INFINITY
SYSTEMS USA LLC d/b/a ISUSA.biz,
INFINITY SYSTEMS LLC,
FRANK KOCKEN, GERALD "JERRY" PAHL,
CORY KOCKEN, and
KOCKEN TECHNOLOGIES LLC,

        Defendants.

## JUDGMENT AGAINST DEFENDANT FRANK KOCKEN

        The Plaintiffs, DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar L.L.C. (collectively, "Plaintiffs"), having filed their Complaint, demanding certain relief against Gerald "Frank Kocken" ("Frank Kocken"), Kelly Stafford, Infinity Systems USA, LLC, Infinity Systems, LLC, Cory Kocken, Kocken Technologies, LLC and Gerald "Jerry" Pahl, as appears more fully in their prayer for relief contained therein; the Plaintiffs and the certain Defendant, Frank Kocken having agreed upon a basis for the adjudication of the matters alleged in the Complaint and for the entry of a judgment in this action against Frank Kocken based upon a stipulation, which is filed with the Court, and after due deliberation being had thereon, it is:

**ORDERED, ADJUDGED AND DECREED** that final Judgment in favor of the Plaintiffs and against the Defendant Frank Kocken is hereby granted, ordered and entered as follows:

I. Pursuant to Title 47 U.S.C. § 605(e)(3) and pursuant to Count III of the Plaintiffs' Complaint the Plaintiffs are awarded $100,000 in monetary damages from Frank Kocken for his violations of 47 U.S.C. § 605(e)(4).

II. The Court finds that the judgment amount is reasonable pursuant to Title 47 U.S.C. § 605(e)(3) which provides for a minimum of $10,000 in statutory damages for each piracy device manufactured and/or modified and/or sold and/or distributed.

III. Pursuant to Title 47 U.S.C. § 605(e)(3)(B)(i), Frank Kocken and all other persons acting or claiming to act on his behalf or under Frank Kocken's direction or authority, and all persons acting in concert or in participation with Frank Kocken are hereby ENJOINED from:

1. Manufacturing, importing, offering to the public, providing, modifying, selling or otherwise trafficking in any FTA technology whether the devices in question are modified or unmodified and any technology for use in any type of control word sharing scheme or key sharing scheme sometimes referred to as IKS, EKS, or SKS, whether the devices in question are modified or unmodified.

2. Manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any so called "Free to Air" (FTA) receivers, internet-enabled FTA receivers, dongle-adapted FTA receivers that have been modified without authorization, any DISH Network satellite pirating device regardless of form, including pirate software, or any other technology, product, service, device, component, or part thereof, that:

   a. is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's smart cards

or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

b. has only limited commercially significant purpose or use other than to circumvent DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

c. is knowingly marketed by Frank Kocken and/or others acting in concert with him for use in circumventing DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

3. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any FTA receiver or internet-enabled FTA receiver or dongle-adapted FTA receiver that has been modified without authorization or any other electronic, mechanical, or other devices, including FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers that have

been programmed with pirate software, the design of which renders them primarily useful for the purpose of the unauthorized interception of DISH Network's signals.

4. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any DISH Network satellite pirating device regardless of form, including pirate software, or any other technology, product, service, device, component, or part thereof, that is primarily useful for the purpose of the unauthorized interception of DISH Network's signals.

5. Assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means any type of FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers, where Frank Kocken or those acting with Frank Kocken are:

   a. programming the FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers with modified FTA/IKS software or other piracy software before distribution to the receiver customers; and/or

   b. distributing, in any manner, modified FTA/IKS software or other piracy software to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers, including, but not limited, to distributing the modified FTA/IKS software or other piracy software by e-mail attachments or distributing the modified FTA/IKS software or other piracy software by delivering the software contained on a software or holding device; and/or

c. directing, in any way, the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to piracy websites, piracy forums, and/or piracy chat rooms where the modified FTA/IKS software or other piracy software is available ("pirate websites");

d. utilizing third parties such as so-called "installers" to effectuate having the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers' receiver ultimately programmed with modified FTA/IKS software or other piracy software;

6. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any DISH Network satellite pirating devices which violate the provisions of this Order with said devices specifically including, but not being limited to, the devices known as:

a. Sonysat branded satellite receivers;

b. Sonysat X2 dongles;

c. 8PSK Turbo Boards; and

d. Sonicview iHubs.

7. Subsidizing pirate websites, including subsidizing the pirate websites through advertising on the pirate websites.

8. Utilizing website hyperlinks back and forth between any websites operated or controlled by Frank Kocken and the piracy websites.

9. Selling or distributing peripheral devices which are of assistance to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to effectuate the unauthorized interception of DISH Network signals, including, but not limited to, an 8PSK board, which device is designed to effectuate the receipt of Dish Network's signals in a high-definition mode, and satellite dish antennas which are designed to receive premium channel satellite signals as opposed to true FTA signals.

10. Operating the website www.isusa.biz.

11. Operating any website Frank Kocken controls or operates in any manner such that the operation would violate other terms of the injunctive relief set forth herein.

12. Engaging in any activity which would violate the terms of the injunctive relief set forth herein while utilizing websites not in Frank Kocken's control, including, but not limited to, such websites as EBay and Craigslist.

IV. The Court finds that the terms of this Injunction are reasonable and justifiable pursuant to Title 47 U.S.C. § 605(e)(3)(B)(i) which provides that the court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section," and in light of the stipulations made by Frank Kocken the permanent injunction is also reasonable and justifiable when the Court considers the equitable considerations allowing for the issuance of a permanent injunction pursuant to Fed. R. Civ. P. 65.

V. The Court finds that the $100,000.00 judgment amount is non-dischargeable in bankruptcy proceedings pursuant to the provisions of Title 11 USC § 523(a)(6) in that Frank Kocken's actions amounted to willful and malicious damage as to the Plaintiffs' property

VI. The Court finds that Frank Kocken has irrevocably forfeited to the Plaintiffs any right, claim or interest in any of the evidence, inventory and any and all of the materials seized by the Plaintiffs pursuant to the civil seizure order entered in this civil action, or otherwise given by Frank Kocken to Plaintiffs.

VII. Post-judgment interest shall accrue on the stipulated judgment amount pursuant to 28 U.S.C. § 1961.

Dated this __26th__ day of January, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge